UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH W. YOUNG,

                    Petitioner,

vs.                                        Case No. 3:09-cv-51-J-34JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.
_____

**ORDER**

**A. Status**

Petitioner Keith W. Young, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on January 15, 2009, pursuant to the mailbox rule.[1]  He challenges a 2003 state court (Duval County, Florida) judgment of conviction for burglary, dealing in stolen property, and possession of burglary tools.

_____

[1] The Petition (Doc. #1) was filed in this Court on January 20, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (January 15, 2009). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus.  Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d).   <u>See</u> Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #12) with exhibits (Resp. Ex.).   On February 26, 2009, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.   Petitioner has filed a memorandum opposition to the motion.   <u>See</u> Response to Respondents' Motion to Dismiss (Doc. #13); Exhibit (Pet. Ex. A).   This case is now ripe for review.

## B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue.   On October 2, 2001, the State of Florida charged Petitioner with burglary, dealing in stolen property, and possession of burglary tools.   Resp. Ex. A, Information. Petitioner pled guilty to the charges on November 27, 2001.   Resp. Ex. B, Plea of Guilty and Negotiated Sentence.   On March 26, 2003, the court sentenced him to a term of twenty-five years of imprisonment for the burglary, twenty-five years for dealing in stolen property, and ten years for possession of burglary tools, all such terms to run concurrently.   Resp. Ex. C, Judgment.

On March 3, 2004, the appellate court affirmed Petitioner's conviction and sentence per curiam.   <u>Young v. State</u>, 892 So.2d 481 (Fla. 1st DCA 2004); Resp. Ex. E.   The mandate issued on June 1,

- 3 -

2004.[2]  Pet. Ex. A; Resp. Ex. E.  Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on June 1, 2004 (90 days after March 3, 2004).  See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").  Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (June 1, 2005).  His Petition, filed on January 15, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running the next day on Wednesday, June 2, 2004, and ran for three hundred and sixty-three (363) days, until May 31, 2005, when Petitioner filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion).  Resp. Ex. F.  The trial court denied the motion on May 10, 2006, and Petitioner appealed.  Resp. Exs. G; H.  The appellate court affirmed the

---

[2] Online docket, Keith Young v. State of Florida, Case No. 1D03-1631, website for the First District Court of Appeal (http://www.1dca.org).

denial per curiam on February 8, 2007.  <u>Young v. State</u>, 952 So.2d 1197 (Fla. 1st DCA 2007); Resp. Ex. H.  The mandate issued on April 10, 2007.[3]  Resp. Ex. H.

During the pendency of the Rule 3.850 motion, Petitioner filed a <u>pro</u> <u>se</u> amended motion for post conviction relief on November 30, 2005, pursuant to the mailbox rule.  Resp. Ex. J.  The trial court denied the motion on October 24, 2007, and Petitioner appealed. Resp. Exs. K; L.  The appellate court affirmed the denial per curiam on August 28, 2008, <u>see</u> <u>Young v. State</u>, 992 So.2d 261 (Fla. 1st DCA 2008); Resp. Ex. Q, and the mandate issued on October 28, 2008, <u>see</u> Online docket, <u>Keith Wayne Young v. State of Florida</u>, Case No. 1D07-6559, http://www.1dca.org.

With only two days left to timely file a petition in federal court, the one-year limitations period started running again the next day, on October 29, 2008, and ran for seventy-eight (78) days, until January 15, 2009, when Petitioner filed the instant Petition in federal court, pursuant to the mailbox rule.  Based on the foregoing, the Petition, filed January 15, 2009, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show

---

[3] Online docket, <u>Keith W. Young v. State of Florida</u>, Case No. 1D06-3136, http://www.1dca.org.

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007); <u>see</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); <u>see</u> <u>also</u> <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted).  The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.  <u>Howell v.</u> <u>Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert</u>. <u>denied</u>, 546 U.S. 1108 (2006); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Since Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

<u>**C. Certificate of Appealability**</u>
<u>**Pursuant to 28 U.S.C. § 2253(c)(1)**</u>

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability

only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>See</u> <u>Slack</u>, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Respondents' request to dismiss this case with prejudice (Doc. #12) is **GRANTED**.

2.    This case is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4.    If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of July, 2011.

MARCIA MORALES HOWARD
United States District Judge

sc 7/18
c:
Keith W. Young (#J00369)
Ass't Attorney General (Jordan)